UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREA LAVELLE VICKERS #16301-006, Plaintiff | CIVIL DOCKET NO. 1:23-CV-01646 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| C O MCDOWELL ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 32) the Complaint and Amended Complaint (ECF Nos. 1, 23) filed by pro se Plaintiff Andrea Lavelle Vickers ("Vickers"). ECF No. 1. Vickers filed suit under *Bivens*[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.* The *Bivens* claim was denied and dismissed with prejudice, and Vickers amended to name the United States as the Defendant. ECF No. 20.

Because the Court lacks jurisdiction, the Motion to Dismiss (ECF No. 32) should be GRANTED.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.  **Background**

Vickers alleges that on July 30, 2022, the United States Penitentiary in Pollock, Louisiana ("USP-P") was on a lockdown where all cells were to be secured. ECF No. 1 at 5. He asserts that Officer McDowell and an unknown officer negligently unsecured multiple cells during the lockdown. *Id.* Other prisoners stabbed Vickers while the cells were unlocked. *Id.*

The Government filed a Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Vickers did not properly exhaust his remedies under the FTCA.

II.  **Law and Analysis**

Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." *Id.*

A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Willoughby v. U.S. Dept. of Army*, 730 F.3d 476, 479 (5th Cir. 2013).

To recover under the FTCA, a plaintiff must first exhaust certain administrative remedies by presenting the claim to the appropriate Federal agency. *See* 28 U.S.C. § 2675(a). Exhaustion is a jurisdictional prerequisite to suit against the United States. *McNeil v. United States*, 508 U.S. 106, 112 (1993); *Barber v. United States*, 642 F. App'x 411, 413-14 (5th Cir. 2016).

Vickers alleges that he filed a tort claim with the appropriate federal agency, and he provides proof of mailing. ECF No. 1 at 8; 1-2 at 9. However, evidence of mailing does not satisfy the presentment requirement under the FTCA. *See Barber v. United States*, 642 F. App'x 411, 414 (5th Cir. 2016) (citing *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. 1993)).

The Government notes that Vickers's evidence shows he mailed the claim to 344 Marine Drive, Grand Prairie, Texas, which is not the correct address. Instead, the correct address is 344 Marine Forces Drive. ECF No. 32-1 at 5-6. The Government submits the sworn statement of a paralegal for the Bureau of Prisons ("BOP") who affirms that there is no record of a tort claim from Vickers regarding the incident at issue. ECF No. 32-2.

Vickers did not file an opposition to the Motion to Dismiss or dispute the veracity of the affidavit. Nor has Vickers offered adequate proof of presentment. Thus, Vickers has not established that the Court has jurisdiction over his claim.

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 32) be GRANTED and the Complaint dismissed WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 29, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE